IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WHITTEN RANCH, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3007 |
| | ) | |
| V. | ) | |
| | ) | |
| PREMIER ALFALFA, Inc., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Premier Alfalfa, Inc.'s motion to dismiss or, in the alternative, stay in light of a previously-filed Kansas state court action (filing 14). Specifically, Defendant requests that this court abstain from exercising its jurisdiction on account of a pending Kansas state court action involving the same contract that is at issue in this suit. Defendant's motion to dismiss will be denied, however, Defendant's motion to stay will be granted.

**I.   Background**

Plaintiff is an Iowa corporation, with its principal place of business in Smithfield, Nebraska (filing 1). Plaintiff is engaged in the sale, production and delivery of hay, including alfalfa. (*Id.*) Defendant is a corporation organized and existing under the laws of the State of Kansas. (*Id.*) Defendant is a producer and wholesaler of alfalfa and is in the business of reselling alfalfa to third parties. (*Id.*) On or about August 26, 2008, the parties entered into a contract for the sale of alfalfa (the "Contract"). (*Id.*) Pursuant to the terms of the Contract, alfalfa was to be delivered to Defendant at a site in or near Garden City, Kansas. (*Id.*)

On December 1, 2008, seemingly as a result of a dispute between the parties

over the quality of the hay delivered to Defendant, Defendant filed suit in the District Court of Finney County, Kansas against "Chuck Whitten d/b/a/ Whitten Ranch" (filing 16), alleging that Chuck Whitten ("Mr. Whitten") entered into the Contract with Defendant and that Mr. Whitten breached the Contract by failing to deliver hay of "good feeding quality." On January 12, 2009, Mr. Whitten, through the law firm of Kutak Rock, LLP, filed an answer to the complaint in the Kansas lawsuit. (*Id.*) In his answer, Mr. Whitten denied doing business as Chuck Whitten d/b/a/ Whitten Ranch. (*Id.*) He further denied the allegations that he entered into the Contract with Defendant and that he breached said Contract. (*Id.*)

On January 13, 2009, Plaintiff, Whitten Ranch, Inc., by and through the law firm of Kutak Rock, filed the complaint in this court, alleging that Defendant breached the Contract by failing to pay Plaintiff in accordance with the terms of the Contract, by refusing further delivery of alfalfa and by failing to give reasonable assurances of performance under the Contract (filing 1).

**II.    Analysis**

Federal courts may refrain from exercising jurisdiction over a case properly filed in federal court. However, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Under the standard articulated in *Colorado River*, a federal court should only abstain from a case in which there are parallel state proceedings for "exceptional circumstances." *Id.* at 813, 96 S.Ct. 1236 (*quoting County of Allegheny,* 360 U.S. at 188-89, 79 S.Ct. 1060).

Courts evaluate several factors, known as the *Colorado River* factors, when determining whether exceptional circumstances necessitate abdication:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority - not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coop., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). No single factor is dispositive, and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Courts employ the *Colorado River* factors to ensure wise judicial administration, while remaining mindful of "conservation of judicial resources and comprehensive disposition of litigation." *Mountain Pure, LLC v. Turner Holdings, LLC,* 439 F.3d 920, 927 (8th Cir. 2006) (*quoting Colorado River Water Conversation Dist.*, 424 U.S. at 817).

Prior to weighing the *Colorado River* factors, however, the court must determine whether parallel proceedings exist. *In re Burns & Wilcox,* 54 F.3d 475, 477 (8th Cir. 1995). "A parallel state court proceeding is a necessary prerequisite to use of the *Colorado River* factors." *Id.* Parallel proceedings exist "if substantially the same parties litigate substantially the same issues in different forums." *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006).

In opposition to Defendant's motion to dismiss or stay, Plaintiff primarily argues that the proceedings in Kansas state court and the action pending in this court

3

are not parallel. Plaintiff focuses on the fact that in the state court action, Defendant filed suit against "Chuck Whitten d/b/a/ Whitten Ranch," while in this case, Plaintiff is identified as Whitten Ranch, Incorporated, "a corporation organized, and existing under and by virtue of, the laws of the State of Iowa" (filing 1, 16). Simply put, Plaintiff argues that the parties in the two actions are not substantially similar because Plaintiff is not a party to the Kansas action and, therefore, the suit currently pending in this court is not parallel to the Kansas proceeding. I disagree.

Although Plaintiff is technically not a party to the state court action, Plaintiff's interests, and those of Mr. Whitten, the state court defendant, are congruent, if not identical. Mr. Whitten appears to be the sole member and shareholder of Plaintiff, as well as its president and treasurer. (Filing 22). Thus, Mr. Whitten and Plaintiff have the same interest in determining whether and by whom the Contract was breached. The similarity of the interests of Mr. Whitten and Plaintiff is further evidenced by the fact that they are represented by the same law firm. *See Health Care & Retirement Corp. of America v. Heartland Home Care, Inc., 324 F.Supp.2d 1202, 1204 (D. Kan. 2004)*.

Where the interests of separate parties in each of the suits are congruent, *"Colorado River* abstention may be appropriate notwithstanding the nonidentity of the parties." *Cadady v. Koch, 608 F.Supp. 1460, 1475 (S.D.N.Y. 1985)*. *See also Caminiti & Iatarola, Ltd v. Behnke Warehousing, Inc., 962 F.2d 698, 700 (7th Cir. 1992)* (affirming the district court's abstention and finding that "even though [there are] separate parties, their interests in the dispute over legal fees are nearly identical"); *Waddell & Reed Financial, Inc. v. Torchmark Corp., 180 F.Supp.2d 1235, 1240 (D. Kan. 2001)* (finding that substantially the same parties were involved, where the federal plaintiff was not a party in the state case, because the federal plaintiff did not show how its interests were different from those of five related entities in the state case). Because Plaintiff's interests are congruent to those of Mr. Whitten, the state court defendant, the court concludes that the parties are substantially similar and that

this action is parallel to the state court proceeding.

Having determined that the two suits are parallel for purposes of abstention, I now turn toward a discussion of the *Colorado River* factors.

An important, if not the most important, consideration in determining whether a federal court should abstain is whether concurrent proceedings may result in piecemeal litigation. *See Federated Rural Elec. Ins. Corp. v. Arkansas Elect. Coop., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (noting that the potential for piecemeal litigation is the primary factor to be considered by courts when deciding whether to abstain). This factor involves "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* (citations omitted). This court and the Kansas state court are both considering whether, and by whom, the Contract was breached. Given this, it is probable that the claims involved in this case can be fully adjudicated in the Kansas lawsuit. As such, allowing proceedings in this court to continue at this time would likely result in a waste of judicial resources, duplication of efforts and inconvenience to the parties. *See Sisler v. West*, 570 F.Supp. 1, 3 (S.D. Iowa 1983). The avoidance of piecemeal litigation clearly favors abstention in this case.

Morever, there is no question that Kansas state law controls the legal issues between the parties. There are no federal claims involved in this diversity, breach of contract, action. Because Kansas state law governs the resolution of this contract dispute, Kansas has an interest in resolving this dispute in its forum. The fact that all the issues in this suit are governed by state law, weighs heavily in support of abstention. *See Berstein v. Hosiery Mfg. Corp. of Morgantown, Inc.* 850 F.Supp. 176, 185 (E.D.N.Y. 1994).

The fact that the state court proceeding was filed before this case also favors abstention. *Kingland Systems Corp. v. Colonial Direct Financial Group*, 188

F.Supp.2d 1102, 1119 (N.D. Iowa 2002) (noting that when deciding whether to abstain, the court may consider the order in which jurisdiction was obtained by the concurrent forums).

Following an examination of the *Colorado River* factors, it is apparent that abstention is warranted in this case. Generally, the preferred course of action, when a federal court decides to abstain, is to stay the proceeding, rather than dismiss it. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995) ("where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course . . ."). *See also Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir.1995) ("[s]o long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention."). As such, the court will deny Defendant's motion to dismiss and grant its motion to stay at this time.

IT IS ORDERED:

1. Defendant's motion to dismiss (filing 14) is denied;

2. Defendant's motion to stay (filing 14) is granted;

3. The parties shall jointly provide the court with a report detailing the status of the pending Kansas state court proceeding every one-hundred and twenty (120) days until further order of the court;

4. The telephonic planning conference scheduled for 9:00 a.m. on June 25, 2009, is postponed under further order of the court.

June 18, 2009.

BY THE COURT:
s/*Richard G. Kopf*
United States District Judge

7